IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MATTHEW MAYS | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| GMAC MORTGAGE, LLC | § | |
| | § | JURY DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT

Comes now Matthew Mays, Plaintiff, filing this Complaint against GMAC Mortgage, LLC, Defendant and would show the following;

*Parties*

1. Matthew Mays (Mays) is a Texas resident and resides in the Southern District of Texas and at the times relevant to this action, owned real property in this division that is the subject matter of this lawsuit.

2. GMAC Mortgage, LLC is a Delaware Corporation that may served with process by serving Corporation Service Company d/b/a CSC – Lawyer Incorporating Service Company, 211 E. 7th Street, Suite 620 Austin, TX 78701-3218.

*Jurisdiction and Venue*

3. This court has jurisdiction of this action pursuant to 28 USC Sec. 1332 and venue is proper in this District pursuant to 28 USC Sec. 1391(a). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

*Facts*

4. This cases involves the servicing of a mortgage on property located at 106 Trout Ave., Galveston, TX 77057, GMAC loan number 743439715. In August 2003, Mays obtained a mortgage from GMAC on the Trout house and set up automatic payment for the principal, interest and insurance on the property from his checking accounts. For approximately 98 months automatic withdrawals were made. In July 2010, Plaintiff filed a lawsuit against GMAC and others for failing to obtain windstorm insurance on his home. That lawsuit was settled for a confidential amount at mediation on October 12, 2011 and finalized in formal settlement documents in November 2011.

5. In March 2012, Mays was refinancing his residential homestead in Harris County through a bank. The bank ran a credit check and learned that Mays credit score had dropped precipitously due to a passed 90 day account with GMAC. Mays investigated the matter and discovered that GMAC has stopped automatic withdrawals from his account back in October without notifying him. He then received phone calls from GMAC that they had initiated foreclosure proceeding on his Trout house.

6. In order to avoid the foreclosure, Mays paid off the loan on his Galveston house, however since there was severe past due on his credit report posted by GMAC he was unable to refinance his residential home at a loss of $84,916.80 in savings. Further investigation has revealed the following:

- GMAC stopped withdrawal from Mays account, without notice, effective October 18, 2011, due to filed litigation.
- GMAC did not provide notice of default as required by Texas and Federal statutes.

- GMAC did not provide notice of intent to accelerate as required by Texas and Federal statute.

- GMAC did not provide Mays with a 20 day notice to cure as required by Texas and Federal statutes.

- GMAC violated Texas Finance Code Sec. 392.301 by threatening to take an action prohibited by law in attempts to collect a debt.

- GMAC initiation of foreclosure proceedings violated the applicable statutes and agreements between the parties.

- Misrepresenting the status of the debt when GMAC told Mays it was foreclosing when it could not for the reasons set forth above.

*Breach of Contract*

7. Based on the factual allegations set for the above, GMAC breached its contracts with Mays, specifically the loan documents. The resulting breach caused Mays to suffer damages including the loss of savings he would have realized through refinancing his residential homestead, damage to credit rating, and mental anguish. All of which were foreseeable and for which he now brings suit.

*Unfair Debt Collection*

8. Based on the factual allegations set for the above, GMAC violated the Texas and Federal Fair Debt Collection Acts. GMAC's actions set forth above caused Mays to suffer damages including the loss of savings he would have realized through refinancing his residential homestead, damage to credit rating, and mental anguish. All of which were foreseeable and for which he now brings suit.

*Texas Deceptive Trade Practices*

9. Based on the factual allegations set for the above, GMAC violated the Texas Deceptive Trade Practice Act. GMAC's actions set forth above caused Mays to suffer damages including the loss of savings he would have realized through refinancing his residential homestead, damage to credit rating, and mental anguish. All of which were foreseeable and for which he now brings suit.

*Fraud and Misrepresentation*

10. Based on the factual allegations set for the above, GMAC and its agents, commit fraud and misrepresented material facts. GMAC's actions set forth above caused Mays to suffer damages including the loss of savings he would have realized through refinancing his residential homestead, damage to credit rating, and mental anguish. All of which were foreseeable and for which he now brings suit.

*Attorney fees*

11. Due to the actions and inactions by GMAC Plaintiff has been forced to retain counsel below and pursuant to Texas and Federal laws he is entitled to recover reasonable and necessary attorney fees and costs.

*Prayer*

Wherefore, premises considered, Matthew Mays prays that judgment be entered in his favor for actual damages set forth above, treble damages under the Texas DTPA for such knowing conduct, attorney fees, costs and for such other damages which he may be justly entitled to.

Respectfully submitted,

**THE BERTINI LAW FIRM, P.C.**


//s Christopher D. Bertini
     Christopher D. Bertini
Federal Bar No. 12759
Texas Bar No. 02256060
The 1894 Trube Estate Building
2415 Market Street
Galveston, Texas  77550
Tel.  (409)621-1876
Fax. (800)628-1498


**ATTORNEYS FOR PLAINTIFFS**


**JURY DEMAND**

*PLAINTIFFS hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many.  The necessary jury fee has been paid.*


//S Christopher D. Bertini
Christopher D. Bertini